UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x

   UNITED STATES OF AMERICA     :

       - v. -           :    **SEALED INDICTMENT**

VINCENT ESPOSITO,         :    18 Cr.
STEVEN ARENA,
FRANK GIOVINCO,          :
FRANK COGNETTA, and
VINCENT D'ACUNTO JR.,    **18 CRIM 014**

         Defendants.   :

- - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JAN 0 9 2018

### COUNT ONE
### (Racketeering Conspiracy)

The Grand Jury charges:

#### The Enterprise

1.   At all times relevant to this Indictment, VINCENT ESPOSITO, STEVEN ARENA, FRANK GIOVINCO, FRANK COGNETTA, and VINCENT D'ACUNTO JR., the defendants, and others known and unknown, were members and associates of the Genovese Family of La Cosa Nostra (the "Genovese Family" or the "Enterprise"), a criminal organization whose members and associates engaged in, among other activities, extortion, unlawful kickback payments, honest services fraud, and other crimes.

2.   La Cosa Nostra ("LCN"), also known as the "Mob" or the "Mafia," operated through entities known as "Families." Five of the Families operated in the New York City area, namely, the Genovese Organized Crime Family of LCN, the Gambino Organized Crime Family of LCN, the Luchese Organized Crime Family of LCN, the

Colombo Organized Crime Family of LCN, and the Bonanno Organized Crime Family of LCN.

3.   The Genovese Family, including its leadership, membership, and associates, constituted an "enterprise," as that term is defined in Title 18, United States Code, Section 1961(4) -- that is, a group of individuals associated in fact.  This enterprise was engaged in, and its activities affected, interstate and foreign commerce.  The Genovese Family was an organized criminal group based in New York City that operated in the Southern District of New York and elsewhere and constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

4.   Members of the Enterprise engaged in criminal activity, such as extortion, loansharking, gambling, robbery, narcotics trafficking, assaults, murders, unlawful payments, honest services fraud, and other crimes.  Members of the Enterprise sought to preserve and augment the power, territory, and financial profits of the Enterprise through intimidation, and threats of economic harm.

<u>Purposes of the Enterprise</u>

5.   The purposes of the Enterprise included the following:

a.   Preserving and protecting the power, territory, and profits of the Enterprise through extortion, solicitation of unlawful kickback payments, and honest services fraud.

2

b.    Promoting and enhancing the Enterprise and the activities of its members and associates.

c.    Keeping victims and potential victims in fear of the Enterprise and its members and associates through acts and threats of retribution.

d.    Providing assistance to members and associates who committed crimes for and on behalf of the Enterprise.

e.    Enriching the members and associates of the Enterprise through, among other things, extortion and the extraction of unlawful payments, such as kickbacks.

### Means and Methods of the Enterprise

6.    Among the means and methods employed by the members and associates in conducting and participating in the conduct of the affairs of the Enterprise were the following:

a.    Members and associates of the Enterprise committed, conspired, attempted, and threatened to commit acts of extortion, solicitation of unlawful kickback payments, and honest services fraud to enrich the Enterprise and its members.

b.    Members and associates of the Enterprise used threats of economic harm and potential physical violence against other members and associates to enforce and maintain discipline within the Enterprise.

## The Racketeering Conspiracy

7.    From at least in or about 2001, up to and including in or about October 2017, in the Southern District of New York and elsewhere, VINCENT ESPOSITO, STEVEN ARENA, FRANK GIOVINCO, FRANK COGNETTA, and VINCENT D'ACUNTO JR., the defendants, and others known and unknown, being persons employed by and associated with the enterprise described in Paragraphs One through Six of this Indictment, to wit, the Genovese Family, knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, to wit, Section 1962(c) of Title 18, United States Code, that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Genovese Family, which was engaged in, and the activities of which affected, interstate and foreign commerce, through a pattern of racketeering activity consisting of:

a.    multiple acts indictable under Title 18, United States Code, Sections 1951 and 2 (extortion and aiding and abetting extortion);

b.    multiple acts involving extortion, chargeable under the following provisions of state law, namely, New York Penal Law Sections 155.40(2) and 155.05(2)(e) (grand larceny in the second degree by extortion), 155.30(6) and 155.05(2)(e) (grand larceny in the fourth degree by extortion); 105.10 (conspiracy in the fourth

4

degree); 105.05 (conspiracy in the fifth degree); 110.00 (attempt to commit a crime);

     c.   multiple acts indictable under Title 18, United States Code, Sections 1954 and 2 (unlawful payments);

     d.   multiple acts indictable under Title 18, United States Code, Sections 1341, 1346 and 2 (honest services mail fraud, conspiracy, and aiding and abetting the same); and

     e.   multiple acts indictable under Title 18, United States Code, Sections 1343, 1346 and 2 (honest services wire fraud, conspiracy, and aiding and abetting the same).

    8.   It was a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the Enterprise.

    (Title 18, United States Code, Section 1962(d).)

### COUNT TWO
**(Extortion Conspiracy – Annual Payments)**

The Grand Jury further charges:

    9.   From at least in or about 2001, up to and including at least in or about 2015, in the Southern District of New York and elsewhere, VINCENT ESPOSITO, STEVEN ARENA, and VINCENT D'ACUNTO JR., the defendants, unlawfully and knowingly did conspire with others, known and unknown, to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), and

5

would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, ESPOSITO, ARENA, D'ACUNTO JR. and others agreed to induce a victim into providing annual cash payments, to which the defendants were not entitled, in order for the victim to maintain an official position with a labor union by threatening force and violence against the victim, and by causing the victim to fear injury and economic harm.

(Title 18, United States Code, Section 1951(a).)

## COUNT THREE
### (Honest Services Fraud – Wire Fraud – Annuity Scheme)

The Grand Jury further charges:

11.  From at least in or about 2011, up to and including in or about October 2017, in the Southern District of New York and elsewhere, FRANK COGNETTA, the defendant, having devised and intending to devise a scheme and artifice to defraud, and to deprive (a) Local 1-D of the United Food and Commercial Workers' Union ("Local 1-D"), (b) members of Local 1-D, (c) employee benefit plans established and maintained by Local 1-D, and (d) participants of employee benefit plans established and maintained by Local 1-D, of their intangible right to his honest services as an officer, agent, and representative of Local 1-D and a trustee and fiduciary of such employee benefit plans, would and did transmit and cause to

6

be transmitted by means of wire communication in interstate and
foreign commerce, writings, signs, signals, pictures, and sounds
for the purpose of executing such scheme and artifice, to wit,
COGNETTA placed and offered to place employee benefit plan funds in
annuity contract investments in exchange for kickbacks.

(Title 18, United States Code, Sections 1343 and 1346.)

## COUNT FOUR
### (Honest Services Fraud - Mail Fraud - Annuity Scheme)

The Grand Jury further charges:

12.  From at least in or about 2011, up to and including in or
about October 2017, in the Southern District of New York and
elsewhere, FRANK COGNETTA, the defendant, having devised and
intending to devise a scheme and artifice to defraud, and to
deprive (a) Local 1-D, (b) members of Local 1-D, (c) employee
benefit plans established and maintained by Local 1-D, and (d)
participants of employee benefit plans established and maintained
by Local 1-D, of their intangible right to his honest services as
an officer, agent, and representative of Local 1-D and a trustee
and fiduciary of such employee benefit plans, for the purpose of
executing such scheme and artifice to defraud and attempting to do
so, would and did place and cause to be placed in a post office and
authorized depository for mail matter, matters and things to be
sent and delivered by the Postal Service, and would and did deposit
and cause to be deposited matters and things to be sent and

7

delivered by private and commercial interstate carriers, and would and did take and receive and cause to be taken and received therefrom, such matters and things, and would and did cause to be delivered by mail and such carriers, according to the direction thereon, and at the places at which they were directed to be delivered by the person to whom they were addressed, such matters and things, to wit, COGNETTA placed and offered to place employee benefit plan funds in annuity contract investments in exchange for kickbacks.

(Title 18, United States Code, Sections 1341 and 1346.)

### COUNT FIVE
### (Bribery Affecting an Employee Benefit Plan - Annuity Scheme)

The Grand Jury further charges:

13.   From at least in or about 2011, up to and including in or about October 2017, in the Southern District of New York and elsewhere, FRANK COGNETTA, the defendant, being an administrator, officer, trustee, and agent of employee benefit plans subject to Title I of the Employee Retirement Income Security Act (29 U.S.C. § 1001, et seq.), and an officer, agent and employee of an employee organization whose members were covered by the employee benefit plans, did directly and indirectly receive, agree to receive, and solicit fees, kickbacks, commissions, gifts, loans, money, and other things of value, with the intent to be influenced with respect to his actions, decisions, and other duties relating to

8

questions and matters concerning the employee benefit plans, in violation of Section 1954 of Title 18 of the United States Code, to wit, COGNETTA placed and offered to place employee benefit plan funds in annuity contract investments in exchange for kickbacks.

(Title 18, United States Code, Sections 1954 and 2.)

## COUNT SIX
### (Honest Services Fraud – Wire Fraud – Medical Plan Scheme)

The Grand Jury further charges:

14. From at least in or about 2014, up to and including in or about October 2017, in the Southern District of New York and elsewhere, FRANK COGNETTA, the defendant, having devised and intending to devise a scheme and artifice to defraud, and to deprive (a) Local 1-D, (b) members of Local 1-D, (c) employee benefit plans established and maintained by Local 1-D, and (d) participants of employee benefit plans established and maintained by Local 1-D, of their intangible right to his honest services as an officer, agent, and representative of Local 1-D and a trustee and fiduciary of such employee benefit plan, would and did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, COGNETTA appointed and continued to retain a

financial advisor (the "Advisor") as an insurance broker for a
Local 1-D medical insurance plan in exchange for kickbacks.

(Title 18, United States Code, Sections 1343 and 1346.)

**COUNT SEVEN**
**(Honest Services Fraud – Mail Fraud – Medical Plan Scheme)**

The Grand Jury further charges:

15.   From at least in or about 2014, up to and including in or
about October 2017, in the Southern District of New York and
elsewhere, FRANK COGNETTA, the defendant, having devised and
intending to devise a scheme and artifice to defraud, and to
deprive (a) Local 1-D, (b) members of Local 1-D, (c) employee
benefit plans established and maintained by Local 1-D, and (d)
participants of employee benefit plans established and maintained
by Local 1-D, of their intangible right to his honest services as
an officer, agent, and representative of Local 1-D and a trustee
and fiduciary of such employee benefit plan, for the purpose of
executing such scheme and artifice to defraud and attempting to do
so, would and did place and cause to be placed in a post office and
authorized depository for mail matter, matters and things to be
sent and delivered by the Postal Service, and would and did deposit
and cause to be deposited matters and things to be sent and
delivered by private and commercial interstate carriers, and would
and did take and receive and cause to be taken and received
therefrom, such matters and things, and would and did cause to be

delivered by mail and such carriers, according to the direction
thereon, and at the places at which they were directed to be
delivered by the person to whom they were addressed, such matters
and things, to wit, COGNETTA appointed and continued to permit the
Advisor to serve as an insurance broker for a Local 1-D medical
insurance plan in exchange for kickbacks.

(Title 18, United States Code, Sections 1341 and 1346.)

## COUNT EIGHT
### (Bribery Affecting an Employee Benefit Plan –
### Medical Plan Scheme)

The Grand Jury further charges:

16.  From at least in or about 2014, up to and including in or
about October 2017, in the Southern District of New York and
elsewhere, FRANK COGNETTA, the defendant, being an administrator,
officer, trustee, and agent of an employee benefit plan subject to
Title I of the Employee Retirement Income Security Act (29 U.S.C.
§ 1001, et seq.), and an officer, agent and employee of an employee
organization whose members were covered by the benefit plan, did
directly and indirectly receive, agree to receive, and solicit
fees, kickbacks, commissions, gifts, loans, money, and other things
of value, with the intent to be influenced with respect to his
actions, decisions, and other duties relating to questions and
matters concerning the employee benefit plan, in violation of
Section 1954 of Title 18 of the United States Code, to wit,

11

COGNETTA appointed and continued to retain the Advisor as an insurance broker for a Local 1-D medical insurance plan in exchange for kickbacks.

(Title 18, United States Code, Sections 1954 and 2.)

## COUNT NINE
### (Honest Services Fraud – Wire Fraud – Disability Plan Scheme)

The Grand Jury further charges:

17.   From at least in or about 2015, up to and including in or about October 2017, in the Southern District of New York and elsewhere, FRANK COGNETTA, the defendant, having devised and intending to devise a scheme and artifice to defraud, and to deprive Local 1-D and its members of their intangible right to his honest services as an officer, agent, and representative of Local 1-D, would and did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, COGNETTA used his position as an officer of Local 1-D to have the Advisor appointed and continue to serve as an insurance agent for a disability plan sponsored by Local 1-D and in which members of Local 1-D were enrolled through their employers in exchange for kickbacks.

(Title 18, United States Code, Sections 1343 and 1346.)

## COUNT TEN
### (Honest Services Fraud – Mail Fraud – Disability Plan Scheme)

The Grand Jury further charges:

18.   From at least in or about 2015, up to and including in or about October 2017, in the Southern District of New York and elsewhere, FRANK COGNETTA, the defendant, having devised and intending to devise a scheme and artifice to defraud, and to deprive Local 1-D and its members of their intangible right to his honest services as an officer, agent, and representative of Local 1-D, for the purpose of executing such scheme and artifice to defraud and attempting to do so, would and did place and cause to be placed in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the Postal Service, and would and did deposit and cause to be deposited matters and things to be sent and delivered by private and commercial interstate carriers, and would and did take and receive and cause to be taken and received therefrom, such matters and things, and would and did cause to be delivered by mail and such carriers, according to the direction thereon, and at the places at which they were directed to be delivered by the person to whom they were addressed, such matters and things, to wit, COGNETTA used his position as an officer of Local 1-D to have the Advisor appointed and continue to serve as an insurance agent for a disability plan

sponsored by Local 1-D and in which members of Local 1-D were enrolled through their employers in exchange for kickbacks.

(Title 18, United States Code, Sections 1341 and 1346.)

### FORFEITURE ALLEGATION AS TO COUNT ONE

19.   As a result of committing the offense alleged in Count One of this Indictment, VINCENT ESPOSITO, STEVEN ARENA, FRANK GIOVINCO, FRANK COGNETTA, and VINCENT D'ACUNTO JR., the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963, any and all interests the defendants acquired or maintained in violation of Title 18, United States Code, Section 1962; any and all interests in, securities of, claims against, and property or contractual rights of any kind affording a source of influence over, the enterprise named and described herein which the defendants established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and any and all property constituting and derived from proceeds obtained, directly and indirectly, from the offense alleged in Count One of this Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense that the defendants personally obtained.

## FORFEITURE ALLEGATION AS TO COUNT TWO

20. As a result of committing the offense alleged in Count Two of this Indictment, VINCENT ESPOSITO, STEVEN ARENA, and VINCENT D'ACUNTO JR., the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense that the defendants personally obtained.

## FORFEITURE ALLEGATIONS AS TO COUNTS THREE THROUGH TEN

21. As a result of committing the offenses alleged in Counts Three through Ten of this Indictment, FRANK COGNETTA, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense that the defendant personally obtained.

15

## Substitute Assets Provision

22.   If any of the above described forfeitable property, as a result of any act or omission of the defendant:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section  1963(m), Title 21, United States Code, Section  853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 1963;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

FOREPERSON

GEOFFREY S. BERMAN
United States Attorney

16