```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA            :
                                    :    18 CR 14 (VM)
     - against -                    :
                                    :    ORDER
VINCENT D'ACUNTO,                   :
                                    :
               Defendant.           :
------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

The Court sentenced defendant Vincent D'Acunto ("D'Acunto") to ten months' imprisonment followed by three years' supervised release. (See "Judgment," Dkt. No. 256.) D'Acunto is serving his sentence in the Federal Medical Center, Devens ("FMC Devens").

On February 3, 2020, D'Acunto requested immediate compassionate release. (See "Motion," Dkt. No. 347.) D'Acunto suffers from Stage IV Chronic Kidney Disease and due to his incarceration, he was declared "inactive" on the wait list for a kidney transplant. D'Acunto argued that even though he was not terminally ill, as long as he was incarcerated, he would not be eligible for the transplant he needed. (Id. at 1-2.) The Government responded to the Motion by letter on February 14, 2020, noting that D'Acunto had not exhausted his administrative remedies under 18 U.S.C. Section 3582(c)(1)(A), which requires an inmate to bring a request for compassionate release to the warden of that inmate's

facility in the first instance. (See Dkt. No. 348.) The Government also noted that his condition had improved, not worsened, since his incarceration. (Id. at 2.) The Court denied the Motion without prejudice pending D'Acunto's compliance with the exhaustion requirements of the statute. (Id.)

By letter dated April 2, 2020 and faxed to the Court's chambers, D'Acunto advised the Court that he had submitted a request for compassionate release to the Bureau of Prisons ("BOP") on February 25, 2020, and that Warden Rear Admiral S. Spaulding (the "Warden") denied his request on March 30, 2020. (See "Renewed Motion," Dkt. No. 356.) Due to the ongoing COVID-19 global pandemic, the Court received the Renewed Motion on April 14, 2020, when it was filed on ECF. D'Acunto attached the Warden's letter denying relief, which states that while D'Acunto has "a condition with an end-of-life trajectory, [he does] not have end-of-life indicators that would establish a prognosis of terminal." (Renewed Motion at 5.) The Warden also noted that "FMC Devens is able to manage [D'Acunto's] medical needs at this time." (Id.) In his Renewed Motion, D'Acunto argues that since the Warden denied his request for compassionate release, he has now exhausted his administrative remedies. (Id. at 1.)

As an initial matter, the Court notes that it is not clear whether D'Acunto has, in fact, exhausted his administrative remedies. The compassionate release statute requires that a defendant "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf." 18 U.S.C. § 3582(c)(1)(A). Administrative exhaustion requires that an inmate appeal a warden's denial of relief to the BOP's Regional Director within twenty days. See 28 C.F.R. § 571.63(a) (providing that denials of compassionate-release requests are governed by the BOP's Administrative Remedy Program); id. at § 542.15(a) ("An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response."). Following that step, if the Regional Director denies the inmate's request, the inmate has thirty days to appeal to the BOP General Counsel. Id. at § 542.15(a). The "[a]ppeal to the [BOP] General Counsel is the final administrative appeal." Id.; id. at § 571.63(b). D'Acunto has not provided any information to the Court regarding steps taken to appeal the Warden's decision.

Furthermore, while the First Step Act amendments to the compassionate release statute created a futility exception to

3

the process detailed above, it is not clear whether this provision affords D'Acunto any relief. The statute provides that a court may consider a defendant's motion after (1) full exhaustion, as described above, or (2) "the lapse of 30 days from the receipt of [his] request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). According to D'Acunto's Renewed Motion, he submitted his request on February 25, 2020. Assuming his request is deemed received as of that day, see United States v. Resnick, No. 14 Cr. 810, 2020 WL 1651508, at *5-6 (S.D.N.Y. Apr. 2, 2020), the exhaustion period would expire on March 26, 2020. However, some courts have held that the futility provision only applies when the BOP takes no action within thirty days -- that is, it would not apply in a case such as this one, where the administrative exhaustion procedure (including appeals) takes longer than thirty days. See United States v. Bolino, No. 06 Cr. 806, 2020 WL 32461, at *1 (E.D.N.Y. Jan. 2, 2020) (requiring either administrative exhaustion or a showing that the BOP did not act on the request within thirty days); United States v. Schultz, No. 17 Cr. 193, 2020 WL 1872352, at *3 (W.D.N.Y. Apr. 15, 2020) (requiring either administrative exhaustion or that "the warden of the facility takes no action on the request within 30 days of receiving it"); United States v. Korn, No. 15 Cr.

4

81, 2020 WL 1808213, at *2 (W.D.N.Y. Apr. 9, 2020) (same). Here, the Warden did take action -- he denied D'Acunto's request.

Nevertheless, the Court need not resolve the uncertainty over whether the thirty-day futility provision applies in D'Acunto's case because, even if it did, the Court would deny his request. To order a reduction in sentence under the compassionate release statute, the Court must find that "extraordinary and compelling reasons warrant such a reduction" and must consider the factors in 18 U.S.C. Section 3553(a). See 18 U.S.C. §§ 3582(c)(1)(A); 3582(c)(1)(A)(i). Section 1B1.13 of the United States Sentencing Guidelines ("Section 1B1.13") provides guidance on the circumstances under which "extraordinary and compelling reasons" exist, including, but not limited to, serious medical conditions such as "a terminal illness" or "end-stage organ disease." Section 1B1.13 Application Note 1(A)(i). While kidney disease can affect the immune system, D'Acunto does not argue that contracting COVID-19 would exacerbate his kidney disease or otherwise present a particular or heightened risk to his health. He notes that he has been held in quarantine, but does not say whether this is due to any heightened risk to him or other inmates, or whether it is a general precautionary measure. And as D'Acunto noted in his initial Motion, he is

not terminally ill. (Motion at 2.) The Court is therefore not persuaded that D'Acunto has made a sufficiently compelling case for his release. See United States v. Gotti, No. 02 Cr. 743, 2020 WL 497987, at *5 (S.D.N.Y. Jan. 15, 2020). Finally, the Warden has indicated that "FMC Devens is able to manage [his] medical needs," and unless and until D'Acunto can demonstrate that this is not the case, the Court sees no reason to find that the Warden's determination was unwarranted. (See Renewed Motion at 5.)

Accordingly, it is hereby

**ORDERED** that the defendant's Motion for compassionate release (Dkt. Nos. 347 and 356) is **DENIED.**

**SO ORDERED.**

Dated:   New York, New York
         16 April 2020

_____
Victor Marrero
U.S.D.J.