USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: May 21, 2020

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------X
UNITED STATES OF AMERICA           :
                                   :    18 CR 14 (VM)
    - against -                    :
                                   :    ORDER
VINCENT D'ACUNTO,                  :
                                   :
                     Defendant.    :
-------------------------------------------X
```
**VICTOR MARRERO, United States District Judge.**

Defendant Vincent D'Acunto ("D'Acunto") is serving a sentence of ten months' imprisonment followed by three years' supervised release. (See "Judgment," Dkt. No. 256.) D'Acunto is housed at the Federal Medical Center, Devens ("FMC Devens").

D'Acunto previously requested compassionate release pursuant to 18 U.S.C. Section 3582(c)(1)(A) ("Section 3582(c)(1)(A)"). (See "Motion," Dkt. Nos. 347, 356.) On April 16, 2020, the Court denied the Motion. (See "Order," Dkt. No. 359.) D'Acunto moved for reconsideration of the Court's Order (see Dkt. No. 360), which the Court denied. (See Dkt. No. 361.) D'Acunto now moves again -- a second time -- for reconsideration of the Court's decision. (See "Emergency Motion," Dkt. No. 368.)

In denying D'Acunto's previous motion for reconsideration, the Court noted that reconsideration of a previous order by the Court is an "extraordinary remedy to be

employed sparingly in the interests of finality and conservation of scarce judicial resources." United States v. Rutigliano, No. 11 CR 1091, 2016 WL 2727317, at *2 (S.D.N.Y. Apr. 26, 2016) (quoting In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). To succeed, a request for reconsideration must "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." Local Crim. R. 49.1; see also United States v. Riley, No. 13 CR 339, 2014 WL 774630, at *1 (S.D.N.Y. Feb. 27, 2014) (the motion must point to "matters . . . that might reasonably be expected to alter the conclusion reached by the court" (internal quotation marks omitted)). Because D'Acunto had not pointed out any overlooked information, legal or factual, that might reasonably have been expected to alter the Court's conclusion, the Court denied D'Acunto's previous motion for reconsideration.

So it is again here. D'Acunto claims to present "newly discovered evidence," but the only new evidence presented is that FMC Devens has documented cases of COVID-19. For several reasons, this "newly discovered evidence" does not change the Court's conclusion that D'Acunto has not demonstrated the kind of "extraordinary and compelling reasons" that would

warrant a sentence reduction. See Section 3582(c)(1)(A). First, FMC Devens is a medical facility, well-equipped to take care of inmates with serious medical conditions. Indeed, as explained in the Court's first Order, the Warden, in denying D'Acunto's request, noted that that FMC Devens was able to manage his medical needs. See Order at 2, 6. Second, and relatedly, the Court understands that FMC Devens has taken multiple precautions in light of the COVID-19 pandemic, including isolating individuals who have tested positive, requiring inmates to wear masks, and deploying screening measures; the Court further understands that the facility has tested every inmate within the past few days. Third, and most importantly, D'Acunto does not argue that there has been any change in FMC Devens' ability to care for him. He contends that his diet and lack of exercise constitute "inhumane" conditions, but the Court is not persuaded that his diet and lack of exercise constitute "extraordinary and compelling reasons" that would warrant a reduction in his sentence. See, e.g., United States v. Brady, No. 18 CR 316, 2020 WL 2512100, at *3-4 (S.D.N.Y. May 15, 2020) (acknowledging serious nature of defendant's medical conditions but denying compassionate release where conditions stable and managed in BOP facility); United States v. Garcia, No. 18 CR 802, 2020 WL 2468091, at

3

\*5-6 (S.D.N.Y. May 13, 2020) (denying compassionate release to defendant with asthma, hypertension, and heart conditions housed in facility with 40 documented cases of virus).

The Court recognizes that medical conditions at FMC Devens conceivably could change materially, so that the facility would be unable to provide D'Acunto with health care appropriate to his needs. If D'Acunto is able to present sufficient evidence supporting such a showing, he may renew the motion at that time. Accordingly, it is hereby

**ORDERED** that the motion of defendant Vincent D'Acunto for reconsideration (Dkt. No. 368) is **DENIED.**

**SO ORDERED.**

Dated:  New York, New York
        21 May 2020

                                         Victor Marrero
                                         U.S.D.J.